## LINDSEY *vs.* JONES.

1. A contract by an attorney to save his client harmless from all responsibility in a suit pending against him or to refund his fee, if valid, extends only to such liabilities as the law would recognize and enforce ; and it the client suffers a judgment to be rendered against him in favor of another attorney whom he had never employed, for professional services in the same suit, he cannot resort to his contract of indemnity.

APPEAL from the Circuit Court of Covington.

Tried before the Hon. NATHAN COOK.

THE appellant, Lindsey, sued Jones to recover fifty dollars and interest, and the parties agreed upon the facts, which were submitted to be tried by the court without a jury, and which were substantially the following :

The defendant, who is the surviving co-partner of the late legal firm of Jones & Lewis, executed in the name of the firm the following receipt : "GENEVA, Coffee County, 26th September, 1844. Received of John Lindsey $50, in full for our fees in quashing a *scire facias* against him, B. T. Adkinson, Henry Poulson, W. Lightfoot and George Kilpatrick, upon a forfeited bond ; and we agree to save harmless the above parties from all further responsibility in said cause, or obligate to refund back the said sum of fifty dollars, with interest from this date. (Signed) Jones & Lewis, Attorneys at Law."

After this receipt was given, judgment was rendered upon a *scire facias* issued on said bond in the receipt mentioned against Lindsey and the other obligors ; the case was taken to the Supreme Court, and was reversed, the same being reported in 15 Ala. 43.

It was further agreed, that an attorney appeared for the plaintiffs in error; that no other counsel appeared for them ; that neither of the parties employed him, but he rendered valuable services in the case for the plaintiff ; that said attorney sued Lindsey in the Coffee Circuit Court for his fee therefor, of which suit Jones was notified, and recovered a judgment against Lindsey in 1850, for fifty dollars, which he has paid, but which Jones

refused to pay him, or to indemnify him; Lindsey now claims the fifty dollars and interest, mentioned in the receipt, on the ground that he and his co-defendants in the *scire facias* had not been indemnified and saved harmless from all further responsibilities in said cause, in that the said Jones had not paid the money which he had been compelled to pay out, &c.

The Circuit Court held, that these facts did not entitle the plaintiff to recover, and gave judgment for cost against him; from which he appealed to this court, and here assigns the judgment on the facts for error.

MARTIN, BALDWIN & SAYRE, for appellant.

WATTS, JUDGE & JACKSON, for appellee.

CHILTON, C. J.—It is perfectly clear that the law arising upon the agreed state of facts is adverse to a recovery on the part of the plaintiff; for, conceding the contract to be valid, he seeks indemnity on account of a payment which the law did not compel him to make, but which we must, under the facts agreed, intend he voluntarily submitted to make. True, a judgment was rendered against him, for services in the Supreme Court; but if it be true that these services were rendered by an attorney not employed by him or some one for him, he had a successful defence. If he failed to make such defence, and submitted to pay, he cannot resort to his contract of indemnity. This contract extends only to such liabilities as the law would recognize and enforce, and not to such as originated in the caprice or negligence of the plaintiff. If, having a good defence, he failed to make it, he cannot charge the defendant with the consequence of his neglect. He alone must bear it.

Judgment affirmed.